IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, SR. #852958 | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-211 |
| ANTHONY NEWTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, Sr., an inmate formerly confined at the Stiles Unit, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983 against thirty employees of the Stiles Unit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff states he has been diagnosed with hypoglycemia, low blood sugar, and has been prescribed to receive finger stick checks and medical treatment for low blood sugar three times per day at 3:00 a.m., 11:00 a.m., and 3:00 p.m. In his complaint, Plaintiff asserts a myriad of allegations concerning a six-month time period from May 7, 2020 through November 26, 2020 during which he claims there were at least thirty-one occasions that he alleges he complained to medical staff that his blood sugar was low and was denied adequate medical treatment. Plaintiff notes that the defendants were monitoring his blood sugar levels, but he complains he was not always given either medication or a "hypo snack" for low blood sugar.

On September 11, 2020, while he was waiting to be escorted to a medical appointment, Plaintiff claims Defendants Oneal and Alexander entered his cell and began throwing some of his property out of his cell and packed the rest and took it out of his cell. Plaintiff claims that when he returned to his cell the only property left was a blanket, prayer rug, mattress, and fan. Plaintiff claims that when he received his property back on September 14, 2020 several items were missing.

Plaintiff also claims that on at least forty different occasions his medical emergency grievances were allegedly "illegally screened" by defendants Thomas, Boudoin, and Reynolds.

## Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.[1]

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard." *Denton*, 504 U.S. at 33. Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

---

[1] A *Martinez* report was ordered in this case. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978)(cited with approval in *Cay v. Estelle*, 789 F.2d 318. 323 n.4 (5th Cir. 1986), and *Parker v. Carpenter*, 978 F.2d 190, 191-92 n.2 (5th Cir. 1992)). The Office of the Attorney General, however, did not prepare and submit a report and forwarded only Plaintiff's records to the court along with a "Three Strikes Advisory." Accordingly, this Report is based only on Plaintiff's pleadings.

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Twombly*, 550 U.S. at 555.

Analysis

*Elements of a Cause of Action under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceeding for redressing violations of the Constitution and federal law by those acting under color of state law. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.

*Eleventh Amendment Immunity*

In his complaint, Plaintiff did not make clear whether he sues each of the Defendants in their official capacity, individual capacity, or both. Accordingly, Plaintiff's complaint will be liberally interpreted as asserting claims against each Defendant in his or her official and individual capacities.

Sovereign immunity prohibits "private suits against nonconsenting states in federal court." *See City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), *cert. denied*, 141 S.Ct. 1047 (2021).

The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167 (1985); *Lewis v. University of Texas Medical Branch at Galveston*, 665 F. 3d 625,630 (5th Cir. 2011) (UTMB is immune from suit); *Harris v. Angelina County, Texas*, 31 F.3d 331, 337 n.7 (5th Cir. 1994) (TDCJ is immune from suit). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from [state] officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). This immunity extends to lawsuits for injunctive relief as well as for monetary damages. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002). Here, as the Eleventh Amendment bars recovery regarding Plaintiff's claims against the Defendants in their official capacity, Plaintiff's claims should be dismissed for failing to state a claim upon which relief may be granted.

*Medical Care*

As stated above, Plaintiff asserts a myriad of allegations regarding at least thirty-one occasions on which he alleges he complained to medical staff that his blood sugar was low and was denied adequate medical treatment or treatment was delayed. Plaintiff notes that the medical defendants were monitoring his blood sugar levels, but he complains he was not always given either medication or a "hypo snack" for low blood sugar.

Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards in intentionally denying or delaying access to medical care. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th

4

Cir. 1999). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006).

The United States Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate definition of deliberate indifference under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). Under this definition, a prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Farmer*, 511 U.S. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk. *Id*; *Reeves v. Collins*, 27 F.3d 174 (5th Cir. 1994). Medical records of sick calls, examination, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991).

Plaintiff's allegations fail to state a claim upon which relief may be granted. A review of Plaintiff's complaint shows that it was only random isolated incidents when Plaintiff claims treatment for his low blood sugar was denied or delayed. Plaintiff has neither alleged nor demonstrated he did not receive his medication at other times on the same date or the following day or that he was denied treatment all together.

Plaintiff's disagreement with the course of treatment provided by the Defendants and his insistence that he should have received additional treatment is not sufficient to show deliberate indifference. At most, Plaintiff's allegations constitute nothing more than negligence or a disagreement with medical professionals over the proper course of treatment. Even if the Defendants

5

were negligent in not taking Plaintiff to the infirmary as requested or not providing additional treatment, negligence does not constitute a violation of the Eighth Amendment. Unsuccessful medical treatment, acts of negligence or medical malpractice, and disagreements as to diagnosis or treatment do not constitute deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Further, dissatisfaction with medical treatment or diagnosis does not constitute "deliberate indifference" to a serious medical need and does not rise to the level of the denial of a constitutional right. *Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Plaintiff has failed to show the Defendants were aware of a substantial risk of serious harm and failed to take measures to abate the risk. Further, Plaintiff has failed to state he became seriously ill as a result of not being taken to the infirmary promptly or that the delays he experienced in receiving treatment resulted in any lasting complications to the treatment of his hypoglycemia. Plaintiff's allegations fail to rise to the egregious level required to state a claim under the Eighth Amendment. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted against the Defendants.

*Deprivation of Property*

Next, Plaintiff complains some of his property taken by defendants Oneal and Alexander on September 11, 2020 is missing. Liberally interpreted, Plaintiff's complaint is construed as asserting that he has been deprived of property without due process in violation of the Fifth Amendment.

A claim that an individual has been deprived of property by a person acting under color of law states a claim for a violation of the due process clause of the Fifth Amendment to the United States Constitution. Deprivations of property by state actors, however, even when intentional, do not violate the due process clause so long as an adequate post-deprivation remedy exists. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *see also Geiger v. Jowers*, 404 F.3d 3771, 374 (5th Cir. 2005) (concluding that plaintiff failed to state a claim regardless of whether the deprivation of property was the result of negligence or intentional

misconduct). Texas provides such a remedy. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994) (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983) (holding that a state action for damages is an adequate remedy), *cert. denied*, 464 U.S. 897 (1983). As a result, Plaintiff has failed to establish his constitutional rights were violated in connection with the deprivation of property. Accordingly, Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.

*Grievances*

Plaintiff also complains that he submitted several medical emergency grievances which were allegedly illegally screened by Defendants Thomas, Boudoin, and Reynolds. However, inmates do not have a constitutionally protected liberty interest in having their complaints resolved to their satisfaction, and so there is no constitutional violation when prison officials fail to do so. *See Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir.2005) ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As Plaintiff relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Accordingly, Plaintiff's grievance claims against the Defendants are frivolous and fail to state a claim upon which relief may be granted.

*Violations of Prison Policy*

Finally, to the extent any of Plaintiff's claims may be liberally construed as asserting the Defendants violated prison rules or policies, such claims are frivolous and fail to state a claim upon which relief may be granted. The Defendants' failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, Plaintiff's claims are without merit and should be dismissed.

Supplemental Jurisdiction

In accordance with 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original

jurisdiction. Thus, to the extent Plaintiff's complaint may be liberally interpreted as asserting state law claims, supplemental jurisdiction should be declined in this action.

## Recommendation

The above-styled action should be dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted. Additionally, the exercise of supplemental jurisdiction should be declined.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 3rd day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge